IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO RIOS,

      Plaintiff,                        No. CIV S-04-2349 FCD DAD P

    vs.

CHIEF DIRECTOR FOR THE
CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.                  ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a complaint seeking relief under 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. See 28 U.S.C. §§ 1914(a) (prior to amendments effective in 2005) and 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not

1

assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's prison trust account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of such an entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, may be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The State of California has not consented to suit.

In the present case, plaintiff has submitted a pleading titled "Amended Complaint" in which he names the following defendants: the director of the California

3

Department of Corrections, as "legally responsible for the overall operation of the Department"; Jim Boitano, a correctional sergeant at High Desert State Prison; D. Just and T. Flint, correctional lieutenants at CSP-Sacramento, as responsible "overall within C-Facility"; and T. Rosario, warden of CSP-Sacramento, as "legally responsible" for inmates' welfare.

In the last four pages of his complaint, plaintiff sets forth his request for relief. He seeks a declaration that the defendants' acts, policies, and practices have violated his constitutional rights and an injunction (1) requiring the director to remove from plaintiff's central file all disciplinary charges and reports concerning events alleged in the complaint; (2) requiring the director to rescind any policy or regulations that permit CDC employees to put confidential memoranda in inmates' files for retaliatory reasons; (3) requiring the director to expunge all confidential reports and forms placed in plaintiff's central file during his confinement; (4) requiring the director to expunge from plaintiff's central file all reports concerning events described in the complaint and any references to the incident on May 12, 1998; (5) prohibiting defendants and everyone associated with them from harassing, threatening, punishing, retaliating against or transferring plaintiff; (6) requiring plaintiff's presence in court at any evidentiary hearing; (7) requiring the director to stop depriving plaintiff of the opportunity to participate in programming recommended by the Board of Prison Terms; and (8) requiring the director to modify the policy or regulations that allow CDC employees to use the phrase "Inmate Refused" when the inmate was not informed or aware of the document or event in question. Plaintiff also seeks monetary damages.

Plaintiff's allegations are disorganized and difficult to follow. In part, plaintiff is rehashing claims previously presented in Rios v. Castro, et al., case No. CIV S-00-0905 WBS GGH P. Court records reveal that plaintiff proceeded on his second amended complaint against defendants Roy Castro and P.A. Minnick. Plaintiff alleged that defendant Minnick failed to correct false, altered, and unreliable information in plaintiff's file and also failed to provide a balanced picture of plaintiff's accomplishments in a parole report, as a result of which plaintiff

4

was prejudiced at his parole hearing. Plaintiff alleged that defendant Castro was apprised of these problems but ignored them. Plaintiff sought injunctive relief, including removal of all prejudicial material from his file and prison records. Defendants' motion for summary judgment, which plaintiff opposed, was granted on September 27, 2002, on the ground that all of plaintiff's claims implicated the validity of his confinement and were Heck-barred. Plaintiff's motion to vacate judgment was denied, and plaintiff's appeal was dismissed by the Ninth Circuit on July 24, 2003, for failure to pay the filing fees.

Plaintiff appears to believe that he was unable to prevail in his previous case because (1) he was placed in administrative segregation on the basis of false information in his central file and (2) the restrictions of housing in administrative segregation made it impossible for him to pursue discovery and comply with court orders. Plaintiff also appears to believe that, for the same reasons, he was unable to pursue his appeal. Plaintiff wants an investigation into the violation of his rights under the First, Eighth, and Fourteenth Amendments.

Plaintiff's inability to prevail in case No. CIV S-00-0905 was not due to a failure to obtain evidence or a failure to comply with court orders, and plaintiff has alleged no facts showing that his placement in administrative segregation prevented him from complying with court orders concerning payment of the filing fee or submission of an application to proceed in forma pauperis on appeal. Plaintiff promptly filed a motion to vacate judgment and other documents after judgment was entered on September 27, 2002, and plaintiff continued to file documents with the court thereafter. It appears that plaintiff had ample time to comply with orders concerning the filing fee on appeal. The court finds that plaintiff's allegations fail to state a claim of interference with access to the court.

Plaintiff offers pages of allegations and contentions concerning the creation, placement, and use of negative reports and false confidential information in his file for the purpose of placing him in administrative segregation and depriving him of his legal property while he was attempting to litigate his previous case. These allegations are unavailing since

judgment was not entered for the defendants due to plaintiff's failure to pursue discovery and comply with court orders. Although plaintiff asserts that defendants have used and continue to use allegedly negative reports and false confidential information as the basis for their housing and classification decisions, plaintiff's conclusory assertions concerning the falsity of the reports and information are not supported by facts and are contradicted by plaintiff's exhibits.

In addition, inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986). On the basis of these authorities, the court finds that plaintiff's allegations concerning classification and housing fail to state a Fourteenth Amendment claim upon which relief may be granted.

Plaintiff claims that confidential memoranda in his file deprived him of a parole date once again at a parole hearing on June 9, 2004. Plaintiff is advised that a challenge to a specific parole decision may be pursued in federal court only in a petition for a writ of habeas corpus filed in federal court after exhausting state court remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff may not seek monetary damages on a claim that necessarily

implicates the validity of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The court finds that plaintiff's allegations concerning his parole hearing on June 9, 2004, fail to state a § 1983 claim upon which relief may be granted.

Plaintiff also claims that in August 2004 defendants Just and Flint, relying on the reports and confidential information placed in his file in 1999 by defendant Boitano, placed plaintiff's life "in double jeopardy" after another officer, who is not named as a defendant in this case, found an inmate-manufactured handcuff key inside an ink pen in plaintiff's cell during a cell search. Plaintiff's conclusory allegation about double jeopardy fails to link defendants Just and Flint to any constitutional violation.

Although plaintiff repeatedly alleges that defendants' actions were retaliatory, he fails to allege facts that demonstrate retaliatory action by any defendant. Prisoners may not be retaliated against for exercising their First Amendment right of access to the courts or their broader right to petition the government for redress of grievances. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Retaliation by a state employee for a prisoner's exercise of a constitutional right is actionable under § 1983, even if the acts, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). To state a retaliation claim, however, a prisoner must allege facts showing that the retaliatory act occurred in response to the prisoner's exercise of a constitutional right and that retaliation was a substantial or motivating factor for the defendant's acts or conduct. 429 U.S. at 285-87. See also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989). The prisoner must also allege facts showing that the defendant's retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The court finds that plaintiff's allegations fail to state a retaliation claim against any defendant.

Although plaintiff's complaint does not name any medical staff as defendants, plaintiff complains about medical care he received in 1998. Plaintiff alleges that when he was stabbed by another inmate at approximately 11:00 a.m. on May 12, 1998, nothing was done for his pain. He admits that he was transferred to a hospital in Redding, but he alleges that he was not attended to properly and surgery was not considered until 7:00 p.m. Plaintiff alleges further that his gallbladder became inflamed because of the stabbing, and surgery was performed to remove his gallbladder. Plaintiff believes he should have received some other treatment or procedure instead. Plaintiff claims he has been permanently damaged in unspecified ways.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Where an Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). The prisoner must allege facts showing that prison officials responded to the serious medical need with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). The indifference must be substantial, for "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state a claim of deliberate indifference arising from

delay, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); McGuckin, 974 F.2d at 1059. Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981). The court finds that plaintiff's allegations suggest nothing more than a mere difference of opinion between a prisoner and medical staff.

After careful consideration of plaintiff's complaint, the court finds that plaintiff has failed to state any federal claim upon which relief can be granted. Plaintiff's complaint should therefore be dismissed. It does not appear that plaintiff can cure the defects of any of his claims. The court will, however, grant plaintiff leave to file an amended complaint.

In his amended complaint, plaintiff must demonstrate how the conduct and acts complained of have resulted in a deprivation of one or more of plaintiff's federal constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved with the deprivation of such rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link between a defendant's actions and the claimed deprivation. May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is informed that the court will not refer to the prior pleading in order to make the amended complaint complete. Every amended complaint must be complete in itself without reference to prior pleadings. See Local Rule 15-220. Plaintiff's amended complaint will supersede his initial complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as if it were the original complaint filed in this case, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested appointment of counsel. Citing 18 U.S.C. § 3006A, plaintiff asserts that federal courts are required to appoint counsel when the interests of justice so

require. The statute cited applies only in federal habeas proceedings. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for appointment of counsel will therefore be denied.

Plaintiff has also requested an order to show cause, a temporary restraining order, and a preliminary injunction. Plaintiff seeks an order prohibiting defendants and everyone associated with them from violating his rights, retaliating against him, and harassing him. He seeks a transfer to federal prison until his claims are investigated. He asserts that his morale has suffered and his life has been placed in jeopardy. Although plaintiff cites Local Rule 65-231, he has not submitted a declaration demonstrating the existence of irreparable injury, a brief on the legal issues showing entitlement to the relief sought, and proof that he served his proposed order on all parties who would be affected by it. In addition, the court has found that plaintiff's complaint fails to state any federal claim upon which relief may be granted. For all of these reasons, plaintiff's request for orders will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 1, 2004 request for appointment of counsel is denied.

2. Plaintiff's November 1, 2004 request for orders is denied.

3. Plaintiff's November 1, 2004 application to proceed in forma pauperis is granted.

4. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

1    5. Plaintiff's complaint is dismissed with leave to amend.

2    6. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order; plaintiff's amended complaint must bear the case number assigned to this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: January 5, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
rios2349.14a