IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

        Plaintiff,                          No. CIV 2:04-cv-02349-ALA

    vs.

CDC DIRECTOR, et al.,

        Defendants.                 ORDER

_____/

       Plaintiff Reno Fuentes Rios is a state prisoner proceeding *pro se*. Mr. Rios seeks relief pursuant to 42 U.S.C. § 1983 and has previously filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. His *in forma pauperis* application, brought pursuant to 28 U.S.C. § 1915, was granted by this Court. *See* Docket No. 8. However, Mr. Rios's complaint was dismissed with leave to amend. *Id.*

       Pending before the Court is Mr. Rios's amended complaint filed on February 8, 2006, and a pleading styled as an "Affidavit to Add Defendants Involved Pursuant Racketeering Influences [sic] and Corrupt Organization Act (RICO) Law," filed on September 6, 2006. *See* Docket No. 13, 18. This Court will construe Mr. Rios's "Affidavit" as a second amended complaint. The Court will address the claims raised in each amended complaint. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. However, because this action will be dismissed, the Court will review both, which makes the requirement of Local Rule 15-220 moot.

**I**

A majority of Mr. Rios's claims relate to as incident that occurred at High Desert State Prison in 1997. *See* Docket No. 13. He alleges that Defendant Boitano inserted falsified reports into Mr. Rios's central inmate file. *Id.* The reports alleged that Mr. Rios was a gang member. *Id.* Mr. Rios also alleges that Defendant Towns played a role in the false reports as he stated that "Towns altering [sic] the crux reports behind the same old Sgt. Jim Boitano inflictions . . . ." As a result of these false reports, Mr. Rios alleges that he was placed into administrative segregation and isolation several times by Defendants Plainer in May 2000, Johnson in August 2002, and Just, Flint, and Villasenor in August 2004. *Id.* Mr. Rios also contends that Defendant Rosario was involved in his placement in segregated housing by "recommend[ing] [him] for indeterminate Security Housing Unit . . . " based on these falsified reports. *Id.* Mr. Rios argues that placing him in segregated housing and transferring him on September 6, 2006 to maximum security prison for gang affiliation, they violated his due process rights. *Id.*; Docket No. 18. Similarly, he alleges that the denials of his parole, which he contends were based on these false reports, violate his due process rights. *See* Docket No. 13.

Res judicata, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). This Court can raise preclusion doctrines *sua sponte*. *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 and n.1 (9th Cir. 1986).

Mr. Rios filed a similar complaint in this Court on April 25, 2000, case no. CIV S-00-0905, alleging that prison officials violated his right to due process by inserting false reports into his file and relying on these falsified reports to deny his parole. *See* case no. CIV S-00-0905. Mr. Rios's first complaint was dismissed with leave to amend because Mr. Rios failed to link defendants to any of the alleged deprivations. He filed an amended complaint on June 14, 2000, which was dismissed on July 18, 2000 with leave to amend. Mr. Rios filed a second amended

complaint on January 19, 2001, which the court ordered be served on the defendants.

On August 31, 2001, defendants filed an answer, shortly followed by a motion for summary judgment. A discovery order was filed on September 24, 2001, after which Mr. Rios filed an opposition to the motion for summary judgment on January 2, 2002. Findings and Recommendations were filed on July 24, 2002 in favor of granting the summary judgment. Mr. Rios objected to them on September 20, 2002. Summary judgment was granted on September 27, 2002, on the ground that all of his claims implicated the validity of his confinement and were, therefore, barred. The District Court cited to *Heck v. Humphrey*, 512 U.S. 477 (1994), for the proposition that a § 1983 cause of action for alleged constitutional violations concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged, or reversed. *Id.* at 486. In its order, the Court quoted the following passage from *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997): "[Plaintiff] alleges that defendants violated his due process rights by considering false information in his prison file to find him ineligible for parole. We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement." Mr. Rios filed a motion to vacate the summary judgment on October 16, 2002. The motion was denied on April 4, 2003. He filed an appeal on November 8, 2002. It was dismissed for a failure to pay the docketing fees on July 23, 2003.

In a prior order issued by Magistrate Judge Drozd in this action, Mr. Rios was alerted to the issue of res judicata concerning these claims. *See* Docket No. 8. The prior order also stated that conclusory allegations that the reports in his file are false are inadequate to state a cognizable claim. After a review of the record in the prior and present case, this Court finds that Mr. Rios's due process claims relating to the allegedly false reports are barred by res judicata. Therefore, these claims are dismissed with prejudice.

/////

**II**

To the extent that Mr. Rios's Fourteenth Amendment claims relating to his placement in administrative segregation are not barred by res judicata, these claims are also dismissed because Mr. Rios's allegations fail to state a claim upon which relief may be granted.

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). Prisoners claiming due process violations from a transfer to administrative segregation must show that (1) the transfer resulted in "a change . . . in confinement that impose[d] an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,'" *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000)) and (2) that he or she was subjected to this change without due process of law.  Whether Mr. Rios possessed a constitutional liberty interest in being free from administrative segregation will depend on "a factual comparison between conditions in [the] general population . . . and [the administrative] segregation [to which he was subjected], examining the hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a prisoner." *Id.*; *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (explaining that an "atypical and significant hardship" infringes upon a protected liberty interest).

Mr. Rios has failed to allege facts that he had a liberty interest in not being placed in administrative segregation or that administrative segregation is comparable to an "atypical and significant hardship." He has also not demonstrated that he was deprived of due process. The exhibits he attached to his amended complaint demonstrate otherwise. Because Mr. Rios has failed to allege cognizable claims and because he was given guidance in the prior order on how properly to assert a due process violation, his Fourteenth Amendment claims are dismissed.

**III**

Mr. Rios has raised a retaliation claim in both the 2000 lawsuit and the present case. It

4

must be dismissed without leave to amend because it is legally frivolous.

It is unclear to this Court what the underlying facts are for this claim. It appears that Mr. Rios is arguing that Defendant Boitano retaliated against him for complaining about Boitano's alleged improper use of race to determine which prisoners would have to undergo a urine test. *See* Docket No. 13 & Exh. A. However, this assertion is inadequate to support a retaliation claim. /////

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

While Mr. Rios appears to allege that he exercised his First Amendment rights in complaining of Defendant Boitano's actions, he fails to argue that the reports in his file did not serve a penological goal. Conclusory allegations that the reports are false or retaliatory in nature are inadequate to state a cognizable claim. From the exhibits Mr. Rios attached to both of his amended complaints, it is apparent that several reports have been filed by various prison guards and officials as to Mr. Rios's alleged membership in a gang. *See e.g.,* Docket No. 13, Exh. D; Docket No. 18, Exh. B. These reports show that Mr. Rios's retaliation claim is lacking sufficient factual support. Mr. Rios has also been given ample opportunity to state a cognizable claim as he was informed of the pleading requirements both in the previous order issued by this Court and in the prior 2000 lawsuit. A court may dismiss a claim as frivolous where it based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, Mr. Rios's factual contentions are baseless in light of the exhibits attached by Mr. Rios to both of his amended complaints. *See* Docket No. 13. Therefore, this claim is dismissed.

**IV**

Mr. Rios contends that his access to the courts was denied when his appeal was dismissed

by the Ninth Circuit in the previous lawsuit because he failed to pay the docketing fees. *See* Docket No. 13. He appears to argue that because he was in administrative segregation, he could not comply with court orders or prosecute his case. *Id.* In the prior screening order of Mr. Rios's first complaint, the Court noted that Mr. Rios has failed to allege facts that demonstrate how his placement into administrative segregation interfered with his access to the courts. *See* Docket No. 8. The amended complaint also fails to allege facts in support of this contention and fails to identify the specific defendants responsible for this alleged deprivation. Upon review of the record for both the previous 2000 lawsuit and the one at hand, it is clear that Mr. Rios has been able to meet deadlines or, at a minimum, request for extensions, and has been able to file motions and documents in a prompt manner. He has not alleged any facts that his access to the courts was interfered with by defendants. Because of his previous opportunity to correct his complaint and because it does not appear that he can cure the defects of this claim, it is dismissed.

**V**

Mr. Rios also asserts in his amended complaint what appears to be an Eight Amendment claim that he was provided inadequate medical care by "medical staff" after he was stabbed by another inmate on May 12, 1998. *See* Docket No. 13. At most, from what Mr. Rios has stated in his complaints, it appears that there is a difference of medical opinion here as to whether medical staff took too long to provide medical care and whether he needed the surgery provided, both of which are insufficient to support a § 1983 claim. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding that "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference.").

This claim was raised in the first complaint filed by Mr. Rios on April 25, 2000 in his prior 2000 lawsuit. He was given leave to amend to state a cognizable claim by naming specific defendants and their actions as they relate to the alleged deprivation. However, Mr. Rios failed

6

1 to do so and, instead, chose to not include this contention in his amended complaint.  In the
2 present case, he once again fails to identify specific defendants and their actions, but was given
3 leave to amend with instructions on how to state a cognizable claim.  *See* Docket No. 8.  This
4 Court finds that it is highly unlikely that Mr. Rios will be able to cure these defects as he has
5 failed to do so for the last seven years.  Alleging a difference of medical opinion is not enough to
6 state a cognizable claim.  Therefore, this Court dismisses this claim with prejudice.

7 To the extent that Mr. Rios claims he received an unnecessary surgery, his claim is
8 against Redding Medical Center ("Redding"), not any of the named defendants.  If Mr. Rios
9 wishes to pursue this cause of action, he can file a complaint against Redding.

**VI**

11 Mr. Rios alleges in his "Affidavit to Add Defendants Involved Pursuant Racketeering
12 Influences [sic] and Corrupt Organization Act (RICO) Law" that institutional gang investigators
13 are classifying inmates by virtue of their ethnicity as a "gang" and that these officials "misuse
14 power to gain personal benefits."  *See* Docket No. 18.

15 To state a claim under § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise
16 (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479,
17 496 (1985) (footnote omitted).  Mr. Rios has failed to plead any facts in support of any element
18 of his RICO claim.  Because this claim lacks an arguable basis in law or fact, it is dismissed with
19 prejudice.  *See Neitzke v. Williams*, 490 U.S. 319, 319 (1989) (holding that an *in forma pauperis*
20 complaint is frivolous where it lacks arguable basis either in law or in fact and warrants *sua*
21 *sponte* dismissal); *see also Deutsch v. U.S. Dept. of Justice*, 881 F.Supp. 49, 53-54 (D.D.C.
22 1995) (finding that inmate's RICO claim was wholly unsupported by any arguments and facts
23 and, accordingly, *sua sponte* dismissal of those claims by a prisoner who was proceeding in
24 forma pauperis was warranted).

**VII**

26 "A trial court shall grant leave to amend freely 'when justice so requires.'"  *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing FED. R. CIV. P. 15(a)).  However, the Ninth Circuit has repeatedly held that "a district court should grant leave to amend . . . *unless* it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (emphasis added).

Given the procedural history of this case and the prior 2000 lawsuit filed by Mr. Rios, justice does not require granting a further leave to amend. This complaint is DISMISSED with prejudice.

Because the complaint is dismissed, Mr. Rios's request for an evidentiary hearing, order to show cause, and appointment of counsel is denied as moot.

Therefore, IT IS HEREBY ORDERED that:

1. Mr. Rios's February 8, 2006, Amended Complaint is dismissed with prejudice;

2. Mr. Rios's August 2, 2006, request for an evidentiary hearing and order to show cause is denied; and

3. Mr. Rios's August 8, 2006, request for the appointment of counsel is denied as moot.

/////

DATED: November 21, 2007

/s/ Arthur L. Alarcón  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation

8