IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENO FUENTES RIOS,

    Plaintiff,                       No. CIV 2:04-cv-02349-ALA

    vs.

CDC DIRECTOR, et al.,

    Defendants.                 ORDER

_____/

    Plaintiff Reno Fuentes Rios is a state prisoner, proceeding *pro se*, seeking relief pursuant to 42 U.S.C. § 1983.

**I**

    On November 21, 2007, this Court dismissed Rios's amended complaint with prejudice. (Doc. 23). Judgment was entered, pursuant to the Court's order, on November 26, 2007. (Doc. 24). On December 10, 2007, Rios filed a motion to vacate the judgment. (Doc. 25). On December 14, 2007, this Court denied that motion. (Doc. 26).

    On March 19, 2008, Rios filed a motion for leave to appeal. (Doc. 28). This Court denied that motion on April 25, 2008, citing Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, which provides that a party has thirty (30) days to file a notice of appeal with the district court clerk. FRAP Rule 4(a)(1)(A); (Doc. 29). Because there were no circumstances

requiring tolling of the thirty (30) day period, Plaintiff's motion for leave to appeal was denied as untimely. *See* Fed. R. App. P. 4.

On May 21, 2008, Rios filed a notice of appeal in the Ninth Circuit Court of Appeals, appealing from this Court's November 26, 2007 order dismissing his amended complaint. (Doc. 30). On September 11, 2008, the Ninth Circuit dismissed the appeal for lack of jurisdiction. *Rios v. CDC Director*, Case No. 08-16328, Docket Entry 6642723. The panel concluded that "a review of the record demonstrates that this court lacks jurisdiction over this appeal because the May 21, 2008 notice of appeal was not filed or delivered to prison officials within 30 days from entry of the November 26, 2007 judgment or the December 14, 2007 order denying the motion to vacate the judgment." *Id.* The panel also concluded that "the district court did not abuse its discretion in denying appellant's March 19, 2008 motion for leave to appeal the judgment because the time to appeal was not tolled by any of the motions listed in Federal Rule of Appellate Procedure 4)a)(1)(A) and appellant's motion did not meet the requirements of Federal Rule of Appellate Procedure 4(a)(6)." *Id.*

On October 6, 2008, Rios filed a "petition for panel rehearing and reconsideration from court order filed on September 11, 2008." *Id.* at Docket Entry 6667252 . In the petition, Rios contends that he did not receive this Court's "final order entered on December 14, 2007 denying appellant's motion to vacate judgment. Nor appellant had [sic] no idea that district's [sic] court entered such order because he never received any other order than Dec. 26, 2007."[1] *Id*.

In an order issued on December 10, 2008, the Ninth Circuit construed Rios's petition as "a motion for reconsideration of the order dismissing this appeal for lack of jurisdiction." *Id*. at Docket Entry 6734283. So construed, the panel provisionally granted the motion and remanded Rios's appeal "to the district court for the limited purpose of allowing [this] court to rule on

---

[1]There is no district court docket entry dated on or around December 26, 2007, so it is unclear what order, if any, Rios may be referring to in his petition as having been dated, entered, or received by him on that date.

2

1 appellant's motion to reopen the time to appeal from the December 14, 2007 order denying the
2 motion to vacate the judgment."[2] *Id.*

## II

In its December 10, 2008 order, the Ninth Circuit panel requested that this Court consider whether, under Fed. R. App. P. 4(a)(6), there is any basis upon which to reopen Rios's time to appeal from this Court's December 14, 2007 order, based on Rios's contention that he did not receive that order. *Id*

"Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." *Mitchell v. Burt Vetterlein & Bushnell P.C. (In re ALEXANDER)* , 197 F.3d 421, 425 (9th Cir. 2000) (as amended) (quoting 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999)). Fed. R. App. P. 4(a)(6) provides that

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . if *all* the following conditions are satisfied:
> (A)   the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B)   the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C)   the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).[3]  Together, Fed. R. App. P. 4(a) and Fed. R. Civ. P.

---

[2]In its December 10, 2008 order, the Ninth Circuit again concluded that "the district court did not abuse its discretion in denying appellant's March 19, 2008 motion for leave to appeal the judgment." Accordingly, the panel held that it would not revisit that decision. (Doc. 34).

[3] Fed. R. Civ. P. 77(d) provides in relevant part that

> [i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. . . . Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by

77(d) "form a tessellated scheme." *In re ALEXANDER*, 197 F.3d at 426. "A district court may not vacate its earlier judgment to avoid the statutorily mandated manner in which an appellant must file a proper notice of appeal." *Id.* at 425. "Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period." *Id.* (quoting 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999)).

Thus, under the plain language of Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d), the outer time limit for filing a motion to extend the time for filing a notice of appeal from this Court's order denying Rios's motion to vacate the judgment was 180 days from December 14, 2007. *Mitchell v. Burt & Gordon, P.C. (In re Stein)*, 179 F.R.D. 584, 587 (D. Or. 1998) (citing *In Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 360 (8th Cir. 1994)). Unfortunately, Rios's petition, seeking to reopen the time to appeal from this Court's December 14, 2007 order, was not filed until October 6, 2008 and was thus untimely.

The reason for strict adherence to Fed. R. App. P. 4(a)(6) was discussed in the Rule 4(a) advisory committee's note (1991 Amendment) and explained by the court in *In re ALEXANDER* as follows:

> The Advisory Committee explained that the purpose of the addition Rule 4(a)(6) was to provide "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order . . . is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." (citation omitted). It went on to explain that the 180-day period "establishes an outer time limit . . . for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal . . . ." *Id*. Taken together, Rule 77(d) and the changes to Rule 4(a) set an outer limit on the time a party can wait, but is it the outer limit? The answer is yes. The very structure of the changes makes it clear that parties are expected to energize themselves, and to discover the entry, with or without a notice. Failing that, they lose the right to appeal. Allowing further extensions or tampering with those time limits for conferring appellate jurisdiction upon us, based solely on notice problems, would relax the "outer time limit" that Rule 4(a)(6) was intended to set, and would undermine (or even eliminate) the very purpose and need for the rule itself.

---

Federal Rule of Appellate Procedure (4)(a). Fed. R. Civ. P. 77(d).

4

*In re ALEXANDER*, 197 F.3d at 425 (citing Rule 4(a) advisory committee's note (1991 Amendment)).

Accordingly, **IT IS HEREBY ORDERED** that Rios's "petition for panel rehearing and reconsideration from court order filed on September 11, 2008," construed by the Ninth Circuit as a "motion to reopen the time to appeal from the December 14, 2007 order denying the motion to vacate the judgment," is DENIED.

DATED: December 17, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation